JOHN A. DREIFUS AND THE ESTATE OF MARION F. DREIFUS, DECEASED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dreifus v. Commissioner
Docket No. 3365-75.
United States Tax Court
T.C. Memo 1977-83; 1977 Tax Ct. Memo LEXIS 358; 36 T.C.M. (CCH) 368; T.C.M. (RIA) 770083; March 28, 1977, Filed Peter I. Chirco, for the petitioners. Deborah S. Hack, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $3,858.57 in petitioners' Federal income tax for 1972. The issue for decision is whether petitioner John A. Dreifus is entitled to deduct as a medical expense the expenses related to the attendance by his two sons, Jay and Peter, at a boarding school during that year. FINDINGS OF FACT Petitioner John A. Dreifus (hereinafter referred to in his individual capacity as petitioner) is an individual and the administrator of the Estate of Marion F. Dreifus, deceased. He and the deceased filed a joint Federal income tax return for 1972. He resided in Farmington, Michigan, at the time the petition in this matter was filed. For several *359 years prior to 1972, petitioner's sons, Jay and Peter suffered from mental and emotional adjustment problems which required professional counseling. Both children had for some time exhibited behavior patterns which were extremely hostile and withdrawn. Jay, age 15, was placed under the care of a psychiatrist while Peter, age 13, received therapy and counseling from a social worker. Jay proved uncommunicative, however, and refused to accept treatment. After two years of unproductive therapy, Jay's psychiatrist recommended a change in environment. He suggested a boarding school utilizing an unstructured Montessoritype approach to teaching in the hopes that, in such a loosely structured environment, Jay would have a better chance of becoming a normally adjusted individual. On the basis of recommendations from other parents similarly situated and a high school principal, petitioner decided that the Windsor Mountain School in Lennox, Massachusetts, offered such an environment. Windsor Mountain School was a boarding school located in the Berkshire Mountains which offered a college preparatory curriculum and numerous extracurricular activities. Windsor Mountain offered a relatively *360 undisciplined form of education along with, as the school's catalogue phrased it, the "freedoms and responsibilities of a strong student government." Although petitioner believed that Jay could obtain a better education at schools other than Windsor Mountain, he nonetheless felt that the less competitive Windsor Mountain environment would be most suited for Jay's particular emotional needs. Immediately prior to the year in issue, it was the recommendation of the social worker from whom Peter had been receiving counseling that he too be enrolled in a boarding school. By this time, Jay had already been attending Windsor Mountain School for several years. Hence, petitioner decided to enroll Peter there as well. Both of petitioner's sons attended Windsor Mountain School during the year in issue and for several years thereafter. During the course of their enrollment, Peter received occasional counseling from a social worker and Jay received no therapy or counseling of any kind. On his Federal income tax return for 1972, petitioner listed tuition and expenses of $8,604.47 relating to his sons' attendance at Windsor Mountain School as medical expenditures. Respondent, in his notice *361 of deficiency, determined that the payments were not made for medical care and, accordingly, disallowed the claimed medical deduction. OPINION Petitioner sent his two sons, both of whom suffered from adjustment related difficulties, to a boarding school during 1972. In justification of claimed medical deduction for the expenses thereby incurred, he contends that their attendance at the school, having been professionally recommended, was thereapeutic in nature so as to qualify as medical care. Section 213 [1] provides for a deduction of amounts paid for the medical care of a taxpayer, his spouse and dependents. The term "medical care" includes those expenditures made in treatment of emotional as well as physical maladies. . Section 1.213-1(e)(1)(v)(a), Income Tax Regs., explains the relationship between medical and educational expenditures as follows: While ordinary education is not medical care, the cost of medical care includes the cost of attending a special school for a mentally or physically *362 handicapped individual, if his condition is such that the resources of the institution for alleviating such mental or physical handicap are a principal reason for his presence there. In such a case, the cost of attending such a special school will include the cost of meals and lodging, if supplied, and the cost of ordinary education furnished which is incidental to the special services furnished by the school. Thus, the cost of medical care includes the cost of attending a special school designed to compensate for or overcome a physical handicap, in order to qualify the individual for future normal education or for normal living, such as a school for the teaching of braille or lip reading. Similarly, the cost of care and supervision, or of treatment and training, of a mentally retarded or physically handicapped individual at an institution is within the meaning of the term "medical care." Thus, in order for the expenditure in question to qualify as a medical deduction, it must be shown that Windsor Mountain School was a "special school." This in turn depends on whether its educational program was only incidental to its medical care function. . *363 Upon examination, it is clear that Windsor Mountain did not provide the services nor have the qualities and attributes normally associated with a special school. Although counseling was available on a limited basis, Windsor Mountain offered its students no regular program of professional emotional care. Moreover, its outlook was in no way geared toward attentiveness to its students' particular emotional difficulties, but rather was structured toward maintaining high standards in its academic and extracurricular programs. While the school's loosely structured environment and emphasis on extracurricular endeavors may have been helpful to Jay and Peter in resolving their particular problems, the fact remains that the school's dominant resources were over-whelmingly devoted to the pursuit of academic achievements similar to those engaged in by numerous other college preparatory academies. ;
Nor is petitioner's position aided by the fact that his children attended such a school at the recommendation of professional thereapists. Notwithstanding the nurturing effect of the Windsor *364 Mountain environment, it was nevertheless nontherapeutic since not specifically designed for the treatment and mitigation of emotional difficulties. Thus, the claimed expenditures are no more deductible that would be those expended in following a psychiatrist's recommendation of providing a child with an environment of rigid discipline through attendance at a military academy. . We conclude that petitioner has failed to show that Windsor Mountain furnished the requisite medical services that would enable it to qualify as a special school within the meaning of the regulation. Accordingly, we hold that no part of the expenditures in issue were made for medical care. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩